IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES COURTNEY, # B-66116, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-302-JPG |
| | ) |
| MARION COUNTY JAIL, | ) |
| JERRY A. DeVORE, | ) |
| and GRIEVANCE OFFICER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at Menard Correctional Center's Medium Security Unit, where he is serving two three-year sentences for failing to comply with the sex offender reporting requirements. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on events that occurred during his previous detention in the Marion County Jail. Plaintiff claims that Defendants subjected him to conditions which amounted to cruel and unusual punishment.

More specifically, Plaintiff claims that on or about March 20, 2011, Marion County Jail officials moved him to a "Med-I" cell, which had a video surveillance camera in the bathroom as well as in the day room (Doc. 1, p. 4). Plaintiff immediately started writing grievances requesting he be moved to an area where the bathroom was not monitored with a camera, because he "was getting creeped out having to use the toilet in front of the camera, and in front of the female worker/staff." *Id.* He worried that he "could be on U-Tube and millions of people are watching me wipe my butt" (Doc. 1, p. 5). Plaintiff got no response to these grievances, so he wrote to Defendant DeVore (the sheriff), asking to be moved.

Defendant DeVore never made a formal response, but after 33 days in the objectionable cell, Plaintiff was moved to the "female work release cell," where there was a camera pointing toward the bathroom. Plaintiff continued to write grievances without getting any response. A jail trustee told Plaintiff that he had seen his grievances in a trash can. Plaintiff was released from the jail on or about April 27, 2011, after a total of approximately 65 days. Plaintiff claims that after being forced to use the bathroom in view of the video monitors, he now has "medical problems about using the bathroom" and has suffered psychological damage (Doc. 1, p. 5).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

Although civil rights claims brought by detainees arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)).

Plaintiff asserts, "A man has a basic constitutional right to use the bathroom and wipe his butt in private and not be forced to do so in front of a camera" (Doc. 1, p. 5). While this may be true outside of jail or prison, the Supreme Court has established that prisoners do not have a reasonable expectation of privacy in their cells. *Hudson v. Palmer*, 468 U.S. 517, 525-30 (1984); *see also Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995) ("privacy is the thing most surely extinguished by a judgment committing someone to prison"). The Court explained: "A right of privacy . . . is fundamentally incompatible with the *close and continual surveillance of inmates and their cells required to ensure institutional security and internal order.*" *Hudson*, 468 U.S. at

527-28 (emphasis added).  These security concerns apply equally to detainees, who do not have the right to be free from reasonable surveillance.  *See, e.g., Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (noting that detention necessarily involves being observed by staff, but holding that broadcasting surveillance camera footage on the internet amounted to unconstitutional punishment of detainees).

      The Seventh Circuit has held that female guards can monitor male inmates who are in the shower or on the toilet.  *Johnson*, 69 F.3d at 146.  This ruling alone is dispositive of Plaintiff's claim.  "[M]onitoring of naked prisoners is not only permissible . . . but also sometimes mandatory.  Inter-prisoner violence is endemic, so constant vigilance without regard to the state of the prisoners' dress is essential.  Vigilance over showers, vigilance over cells – vigilance everywhere, which means that guards gaze upon naked inmates."  *Johnson*, 69 F.3d at 146.

      If guards can monitor naked inmates at any time, they can also put cameras in bathroom or shower areas to monitor the inmates or record them for review at a later time.  Not only is such surveillance necessary to help protect inmates from violence at the hands of other prisoners, but monitoring of a "private" area such as a bathroom may be necessary in order to protect inmates from self-inflicted harm.  At least one other district court in our circuit has held repeatedly that prisons may use cameras to view and record inmates in the shower area.  *See Viramontes-Ramirez v. Widup*, No. 2:07-CV-0333 PS, 2007 WL 4438625, at *2 (N.D. Ind. Dec. 13, 2007); *Burge v. Murtaugh*, No. 2:07-CV-0336 PS, 2007 WL 4335461 (N.D. Ind. Dec. 7, 2007); *Rojas v. U.S. Marshal Serv.*, No. 2:07-CV-0325 PS, 2007 WL 4287573, at *2 (N.D. Ind. Dec. 5, 2007).

      In the absence of any indication that video footage of Plaintiff was actually broadcast beyond the jail walls, Plaintiff's allegations of cruel and unusual punishment fail to state a claim upon which relief can be granted.

Furthermore, no constitutional claim arises from the failure of Defendants to process or respond to Plaintiff's grievances. Grievance procedures in a jail or prison are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Because the complaint fails to outline any violation of Plaintiff's constitutional rights, this action shall be dismissed.

**Pending Motions**

Plaintiff has submitted a motion (Doc. 2) for leave to proceed in forma pauperis ("IFP"), including an affidavit stating that his only income is $14.00/month from his prison job and occasional gifts from friends. He has received no other income for the last twelve months, and has no assets or cash on hand. However, the certified copy of his inmate trust fund account statement is not complete. The Court has requested a trust fund statement to cover the entire six-month period immediately preceding the filing of this case from the Menard Correctional Center, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court. The order shall also direct subsequent payments to be made

pursuant to § 1915 until the filing fee is paid in full.

To summarize, Plaintiff's motion to proceed IFP in this case (Doc. 2) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Menard Correctional Center.

Because this action shall be dismissed, Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED AS MOOT.**

## Disposition

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  April 17, 2013

s/J. Phil Gilbert
**United States District Judge**