IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES COURTNEY, # B-66116, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-302-JPG |
| | ) |
| MARION COUNTY JAIL, | ) |
| JERRY A. DeVORE, | ) |
| and GRIEVANCE OFFICER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case is now before the Court on remand from the United States Court of Appeals, Seventh Circuit. Plaintiff brought this civil rights action pursuant to 28 U.S.C. § 1983 complaining about the conditions of confinement during his pretrial detention at the Marion County Jail ("the Jail"). At the time he brought the action, Plaintiff was incarcerated at Menard Correctional Center ("Menard"). The appellate court's mandate, issued January 5, 2015 (Doc. 23), and accompanying order (Doc. 23-1), affirmed in part and vacated in part this Court's dismissal of Plaintiff's constitutional claims (Doc. 6).

Specifically, the Seventh Circuit found that Plaintiff had stated a cognizable claim under the Eighth and Fourteenth Amendments, for having been housed for a total of 65 days in areas in the Jail where his bathroom activity was subject to video monitoring by female guards. The appellate court reached this conclusion based on Plaintiff's allegations that he was assigned to an area monitored by the opposite sex in order to humiliate him as a Muslim, to shame him because he was a sex offender, and to retaliate against him for complaining about the humiliation (Doc.

23-1, p. 3). The court affirmed the dismissal of Plaintiff's other claim (against the Unknown Defendant Grievance Officer), which alleged a due process violation for the failure to address his grievances. Further, the court dismissed Plaintiff's claims against Defendant Marion County Sheriff DeVore in his personal capacity. The matter was remanded to this Court, so that Plaintiff might proceed on his claim(s) arising from the cross-gender video monitoring of his bathroom facilities.

It is clear from a reading of the Seventh Circuit's order that Plaintiff included a number of new factual allegations in his appellate filings that he left out of the complaint he filed to initiate this action. Those omitted facts do not appear in this District Court's record of the case, and they were key to the appellate court's conclusion that Plaintiff should have been allowed to pursue his claims. They include: (1) Plaintiff is a Muslim whose religious beliefs forbid him from being seen naked by any woman other than his wife; (2) Jail officials placed him in the video-monitored units in order to shame him because he was a sex offender accused of failing to comply with reporting rules; (3) He was treated differently from other inmates who were promptly moved from the cross-gender-monitored wing after requesting a transfer; and (4) He was purposely kept in an area monitored by females in order to retaliate against him for complaining about his placement. Because none of these facts are stated in the operative complaint in this action, it is necessary for Plaintiff to amend his complaint in order for his claims to be fully addressed in this Court.

Furthermore, the appellate court noted that in order to proceed, Plaintiff must identify the defendants who were personally responsible for assigning him to the objectionable housing areas in the Jail. Defendant DeVore is not alleged to have made those assignments. By amending his complaint, Plaintiff may include the appropriate Defendants if their names are known, or may

identify them by description.

**IT IS THEREFORE ORDERED** that in order to proceed with this case, Plaintiff **SHALL FILE** an amended complaint, within 35 days of the date of this order (**on or before March 2, 2015**). The amended complaint shall be subject to review pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that **UNKNOWN DEFENDANT GRIEVANCE OFFICER** is dismissed as a party to this action, with prejudice.

It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 13-cv-302-JPG. The amended complaint shall present each claim in a separate count. The dismissed due process claim for failure to respond to grievances shall **NOT** be included. In each count, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

First Amended Complaint. Failure to file an amended complaint may result in the dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 23, 2015**

*s/J. Phil Gilbert*
United States District Judge
