IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES COURTNEY, # B-66116, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-302-JPG |
| ) | |
| MARION COUNTY JAIL, ) | |
| and JERRY A. DeVORE, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. Plaintiff filed this case on March 25, 2013, while he was incarcerated at Menard Correctional Center. His claim arose in March and April 2011, while he was detained in the Marion County Jail. This Court dismissed the case for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A, on April 17, 2013 (Doc. 6). Plaintiff appealed, and on December 12, 2014, the United States Court of Appeals for the Seventh Circuit vacated the dismissal of his Eighth Amendment claim, and remanded the case for further proceedings in this Court (Doc. 23).

After the Seventh Circuit's mandate was filed on January 6, 2015, this Court ordered Plaintiff to submit an amended complaint to include a number of factual allegations supporting his claim, before this matter could proceed (Doc. 24). Those facts were omitted from the original complaint but were key to the Seventh Circuit's ruling that Plaintiff had stated a constitutional claim. Plaintiff was directed to file his amended pleading no later than March 2, 2015. He was warned that the action would be subject to dismissal for want of prosecution, if he failed to file an amended complaint. This order, dated January 23, 2015 (Doc. 24), along with a

blank complaint form, was mailed to Plaintiff at Menard Correctional Center – which is the only address he has ever provided to the Court. The envelope has not been returned to the Court as undeliverable.

Plaintiff's March 2, 2015, deadline has come and gone, and Plaintiff has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute. *See* FED. R. CIV. P. 41(b).

It is notable that when Plaintiff filed this action, the Clerk of Court notified him by letter that he must inform the Court of any change of address within 7 days of such change (Doc. 4). According to the inmate search page of the website of the Illinois Department of Corrections (IDOC), Plaintiff is no longer in IDOC custody. Http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited March 10, 2015). However, he has not submitted any change of address notice to this Court as instructed when he filed this case in March 2013.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for failure to prosecute. FED. R. CIV. P. 41(b); *see James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). While such a dismissal is ordinarily (and presumptively) a dismissal with prejudice, *see Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993), in this instance the dismissal shall be **without prejudice**. A great deal of time has elapsed since this Court dismissed the case, followed by a lengthy pendency of the appeal. In light of that lapse of time, during which Plaintiff completed serving his sentence, it appears that Plaintiff's failure to notify the Court of his current whereabouts may have been an oversight which at this juncture does not require the harsh sanction of a dismissal with prejudice.[1]

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

---

[1] This may turn out to be a distinction without a difference, if the statute of limitations has run out on Plaintiff's claim.

This dismissal shall **not** count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) [2] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

**IT IS SO ORDERED.**

**DATED: March 17, 2015**

*s/J. Phil Gilbert*
United States District Judge

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).